# Hugh McManigal, by his next friend, John McManigal, Appellant, v. South Side Passenger Railway Company.

*Negligence—Street railways—Collision between car and wagon.*

In an action against a street railway to recover damages for personal injuries a nonsuit is properly entered where it appears that plaintiff was driving a wagon between the defendant's track and the curbstone while a car was approaching him on a down grade from the opposite direction, and that when the car was about ten feet from the horse the latter suddenly sprang across the track in front of the car and a collision occurred, which, so far as the testimony showed, nothing could have been done to avert.

Argued March 16, 1897. Appeal, No. 38, Jan. T., 1897, by plaintiff, from judgment of C. P. Lycoming Co., March T., 1896, No. 505, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Trespass for personal injuries.

The facts appear by the opinion of the Supreme Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*T. M. B. Hicks*, with him *W. H. Spencer*, for appellant.—A compulsory nonsuit is in effect a demurrer to the plaintiff's evidence, which evidence must therefore be accepted as true, and every reasonable inference of fact which a jury might draw in the plaintiff's favor must be drawn by the court. When material facts are disputed or even in doubt, or inferences of fact are to be drawn from the testimony, it is the exclusive province of the jury to determine what the facts are: Fisher v. Ry. Co., 131 Pa. 292; Corbalis v. Newberry Twp., 132 Pa. 9; McNeal v. Ry. Co., 131 Pa. 184; Smith v. R. R., 158 Pa. 82; Cougle v. McKee, 151 Pa. 602; Howett v. R. R., 166 Pa. 607; McCloskey v. Chautauqua Ice Co., 174 Pa. 34; Gtn. Pass. Ry. v. Walling, 97 Pa. 55.

An ordinary person riding upon a car or train cannot be as good a judge of its speed as one would be who should stand on

the ground and see it pass : 7 Am. & Eng. Ency. of Law, p. 500, n. 1, title "Speed;" West Chester, etc., R. R. v. McElwee, 67 Pa. 311 ; Schum v. Pa. R. R., 107 Pa. 8 ; Del., etc., R. R. v. Jones, 128 Pa. 308.

Where there is no doubt as to the facts, and there are substantial doubts as to the reasonable and natural inferences to be drawn from these facts, the case should be submitted to the jury : Neslie v. Pass. Ry., 113 Pa. 300 ; Gilmore v. Pass. Ry., 153 Pa. 31 ; Kestner v. Pittsburgh & Birmingham Traction Co., 158 Pa. 422 ; Lott v. Pass. R. R., 159 Pa. 471 ; Haney v. Traction Co., 159 Pa. 395 ; Gibbons v. Street Ry., 155 Pa. 279.

If the gripman recklessly ran at a high rate of speed when the probable consequence was a collision, that was negligence for which the defendant is answerable : Thatcher v. Traction Co., 166 Pa. 66 ; Harkins v. Traction Co., 173 Pa. 146 ; Harper v. Traction Co., 175 Pa. 129 ; Dunseath v. Traction Co., 161 Pa. 124.

*Addison Candor,* with him *C. LaRue Munson,* for appellee.— The negligence complained of in plaintiff's declaration, and wholly relied on in the introduction of testimony at the trial, was that the car was running at a high and negligent rate of speed, and that such speed caused the accident ; therefore, our inquiry should be directed toward ascertaining whether the testimony relating to this rate of speed was of such a character as to reasonably satisfy the jury that the fact sought to be proved was established by it, or whether the testimony upon that point was so manifestly insufficient that the cause of justice was much better subserved by the adjudication of the court below.

The judge has to say whether any facts have been established by evidence from which negligence can reasonably be inferred, and it would place in the hands of jurors a power which might be exercised in the most arbitrary manner, if they were at liberty to hold that negligence might be inferred from any state of facts whatever : Metropolitan Ry. Co. v. Jackson, L. R. 3 App. Cases, 197 ; Raby v. Cell, 85 Pa. 82 ; Hyatt v. Johnston, 91 Pa. 200 ; Sidney School Furn. Co. v. Warsaw Sch. Dist., 122 Pa. 501 ; Yingst v. Lebanon & Annville St. Ry., 167 Pa. 438.

Street car companies are not responsible for the actions of balky horses, nor for the horses taking fright at the movements

of their cars : Goshorn v. Smith, 92 Pa. 435 ; Phila. Traction Co. v. Bernheimer, 125 Pa. 615 ; Hazel v. Peoples' Pass. Ry., 132 Pa. 96.

The company is not responsible for injury to one running suddenly in front of the car: Chilton v. Cent. Traction Co., 152 Pa. 425 ; Flanagan v. People's Pass. Ry. Co., 163 Pa. 102.

Testimony as to the speed of cars should have but little if any weight when given by persons not peculiarly skilled in determining it: Francisco v. Troy, etc., R. R., 78 Hun, 13 ; Cotton v. Wood, 8 C. B., N. S. (98 E. C. L. R.) 573.

PER CURIAM, May 24, 1897 :

The sole question in this case is whether the court " erred in refusing to set aside the judgment of compulsory nonsuit."

A careful consideration of the testimony has failed to disclose any evidence that would have justified the court in setting aside the judgment. It conclusively appears by uncontradicted testimony that the collision, in which plaintiff was injured, was one of those unfortunate accidents which sometimes unavoidably occur without any apparent negligence on the part of anyone. Plaintiff was driving northerly on Market street, South Williamsport, between defendant company's track and the curbstone, while its car was approaching him on a down grade from the opposite direction. When the car was about ten feet from plaintiff's horse, the latter suddenly sprang across the track in front of the car, and the collision was inevitable. It came without warning to either party; and, so far as shown by the testimony, nothing could have been done to avert it. On the ground, therefore, that there was no evidence of defendant company's negligence to go to the jury, we are all of opinion that the motion to take off the judgment of nonsuit was rightly denied.

Judgment affirmed.